Peter M. Van Dyke
Eagan, Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107
Telephone: 860-232-7200
Email: pvd@eddf-law.com

*Attorney for Plaintiff Nicole Stacey*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE STACY,<br><br>      Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., AND CAC FINANCIAL CORP,<br><br>      Defendants. | Case No.:<br><br>CIVIL COMPLAINT<br><br>AND<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff, Nicole Stacy, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), and CAC Financial Corp, (hereinafter "CAC Financial"), (collectively "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1191(b).

**PARTIES**

4. Plaintiff, Nicole Stacy, is a natural person, who at all relevant times has resided in city of Wilton, Fairfield County, state of Connecticut, and is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act.

5. Defendant Experian Information Solutions, Inc. is a business entity that regularly conducts business in Connecticut, with its principal place of business as 300 E. 9th St. Ste. 1815, Cleveland, OH 44114, and is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act.

6. Defendant CAC Financial Corp is a business entity that regularly conducts business in Connecticut, with its principal place of business as 2601 NW Expressway, Suite 1000 East, Oklahoma City, OK 73112, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

**FACTUAL STATEMENT**

7. In the June of 2015, Plaintiff entered into an agreement with Synchrony Bank to alter the amounts of her monthly payments and tweak the applicable interest rate (hereinafter the "Agreement").

8. Plaintiff entered into this agreement when faced with some difficult financial times. The agreement entered into between Plaintiff and Synchrony allowed for Plaintiff to make payments in the amount of $10.00, or an amount equal to 2.1% of the outstanding balance on that particular statement. Whichever amount was greater was to be appropriate payment for that month. A

copy of the letter from Synchrony memorializing the agreement is attached hereto marked "**Exhibit A**."

9.      From the date in which Plaintiff and Synchrony entered into that the Agreement, up to and including the date of this filing, Plaintiff has made timely, amount appropriate, payments. The high balance on the account was $2,181.00.  A quick calculation would reveal that the most any individual monthly payment could be, would be $45.80.

10.     Beginning with the June 2015 statement, up to and including Plaintiff's latest statement, she has made payments of no less than $50.00 each month.  In fact, in certain months, Plaintiff paid in the amount of $56.00, $60.00 and $75.00, but no less than $50.00.

11.     From the beginning of this agreement, Synchrony has furnished information to Equifax, Transunion and Experian which indicates Plaintiff has been late each and every month.

12.     Plaintiff reached out to Synchrony on multiple occasions regarding the issue, and each time she was advised that it was a mistake and would be corrected.  To date, it has not been rectified.[1]

13.     Plaintiff then took it upon herself to notify all three credit bureaus of the discrepancies. Same was done through a certified mailing with return receipt requested.   The dispute letters were mailed on December 15, 2016.  A copy of all three letters and the proof of mailings are attached hereto marked "**Exhibit B**."

14.     On or about December 21, 2016, and much to Plaintiff's dismay, she received a letter from Defendant CAC, alleging that the Synchrony account was placed with them for collection. Plaintiff immediately sent a dispute letter to CAC.  To date, no response has been received.  At

---

[1] Plaintiff and Synchrony resolved the issue prior to the filing of this complaint.

3

the time the letter was sent, there were no outstanding monies due, and Plaintiff had not defaulted on the payment arrangement.

15.     In correspondence dated January 5, 2017, Transunion provided the results of their reinvestigation in response to Plaintiff's dispute.   Transunion failed to correct the markings which indicate Plaintiff was late on her monthly payments from June of 2015 through the then current month.[2]

16.     In correspondence dated January 20, 2017, Experian provided the results of their reinvestigation in response to Plaintiff's dispute.   Experian failed to correct the markings which indicate Plaintiff was late on her monthly payments from June of 2015 through the then current month.

17.     Plaintiff received no response from Equifax but ran a copy of her Equifax specific report on January 18, 2017.   The report, and specifically the Synchrony tradeline, had been updated as of January 13, 2017.  The tradeline still listed Plaintiff as being late on her monthly payments from June of 2015 through the then current month.[3]

18.     The inaccuracies on Plaintiff's credit reports have effectively prevented her from getting a mortgage as she is currently seeking to purchase real property.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***
*(As to Defendant Experian Only)*

19.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs 1 through 18 and incorporates them as if specifically set forth at length herein.

20.     In the June of 2015, Plaintiff entered into the Agreement with Synchrony Bank.

---

[2] Plaintiff and Transunion resolved the issue prior to the filing of this complaint.
[3] Plaintiff and Equifax resolved the issue prior to the filing of this complaint.

4

21. Plaintiff entered into the Agreement when faced with some difficult financial times. The agreement entered into between Plaintiff and Synchrony allowed for Plaintiff to make payments in the amount of $10.00, or an amount equal to 2.1% of the outstanding balance on that particular statement. Whichever amount was greater was to be appropriate payment for that month. **See Exhibit A**.

22. From the date in which Plaintiff and Synchrony entered into the Agreement, up to and including the date of this filing, Plaintiff has made timely, amount appropriate, payments. The high balance on the account was $2,181.00. A quick calculation would reveal that the most any individual monthly payment could be, would be $45.80.

23. Beginning with the June 2015 statement, up to and including Plaintiff's latest statement, she has made payments of no less than $50.00 each month. In fact, in certain months, Plaintiff paid in the amount of $56.00, $60.00 and $75.00, but no less than $50.00.

24. From the beginning of this agreement, Synchrony has furnished information to Experian which indicates Plaintiff has been late each and every month.

25. Plaintiff then took it upon herself to notify Experian of the discrepancies. Same was done through a certified mailing with return receipt requested. The dispute letter was mailed on December 15, 2016. **See Exhibit B**.

26. By way of communication dated January 20, 2017, Experian responded to Plaintiff's dispute. The tradeline furnished by Synchrony Bank remained, for all intents and purposes, unchanged.

27. Upon information and belief, and Defendant Experian failed to review all relevant information and documentation available, failed to properly contact the furnisher of information, and failed to take into account the assertions of Plaintiff in failing to delete the delete, or at the

very least correct the tradeline to accurately reflect its true state, thus violating their duty under 15 U.S.C. § 1681i.

28. Upon information and belief, Defendant Experian failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information after being put on effective notice that the trade line was incorrect.

29. With the failure to remove the Synchrony trade line, or with the failure to update the tradeline accurately, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

30. Defendant Experian's actions were willful and wonton; Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692, *et seq.*
*(As to Defendant CAC Financial Only)*

31. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs 1 through 69 and incorporates them as if specifically set forth at length herein.

32. In a letter dated December 18, 2016, Defendant CAC advised Plaintiff that they had been retained to collect on the Synchrony debt.

33. At the time of this letter, and at all times relevant to this litigation, Plaintiff was not behind in her payments, there were no monies due and owing over and above what was agreed to by both Plaintiff and Synchrony in the Agreement. The debt was not in default.

34. CAC's allegation that there was a current balance due and owing of $1,136.13 was a mischaracterization of the legal nature and amount of the debt, as it was currently constituted. As such, CAC is in violation of 15 U.S.C. §1692e(2)(A).

35. Plaintiff has been damaged and is entitled to relief.

## **DAMAGES**

WHEREFORE, Plaintiff, Nicole Stacy, requests that this Court enter judgment against all Defendants, and on behalf of Plaintiff for the following:

A. That an order be entered declaring Defendant Experian's actions, as described above, in violation of the FCRA;

B. That judgment be entered against Defendant Experian for actual, statutory and punitive damages and attorney's fees for the violations of 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at trial.

C. That an order be entered declaring Defendant CAC's actions, as described above, to be in violation of the FDCPA;

D. That judgment be entered against Defendant CAC's for actual damages, pursuant to 15 U.S.C. §1692K(a)(1);

E. That judgment be entered against Defendant CAC's for statutory damages, pursuant to 15 U.S.C. §1692(a)(2)(A) and (B);

F. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692K(a)(3); and

G. That the Court grant such other and further relief as may be just and proper.

Date: May 23, 2017

Respectfully Submitted,

s/ Peter M. Van Dyke                              /

Peter M. Van Dyke , ct24747
Eagan, Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107
Telephone: 860-232-7200
Email: pvd@eddf-law.com

*Attorney for Plaintiff Nicole Stacey*

Of Counsel to the firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: 201-461-0059
Facsimile: 201-608-7116
Email: DPF@lupoloverlaw.com